UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNIDISC MUSIC INC., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| ANTIBEMUSIC S.r.l., | ) ) ) |
|       Defendant. | ) ) |

## COMPLAINT

1. Unidisc Music Inc. ("Unidisc") hereby files this Complaint against Antibemusic S.r.l. ("Antibemusic") for Copyright Infringement, Declaratory Judgment of Copyright Ownership, Intentional Interference with Contractual Relations, and Intentional Interference with Business Relations and states as follows:

### The Parties, Jurisdiction, and Venue

2. Unidisc is a Canadian corporation with its principal place of business at 57-b Hymus Boulevard, Pointe Claire, Quebec H9R 4T2. Unidisc is engaged in the business of exploiting, distributing, and marketing phonorecords and derivatives thereof (collectively "phonorecords") and musical compositions throughout the world, including in the United States.

3. Antibemusic is an Italian corporartion with offices located at via Cesare Beccaria, 1200196 Rome, Italy. Antibemusic holds itself out as a record company that exploits, distributes, and markets phonorecords throughout the world, including in the United States and this judicial district.

4. This Court has exclusive subject matter jurisdiction over Unidisc's copyright claims in this action pursuant to 28 U.S.C § 1338(a), as they arise under the copyright laws of the

United States, 17 U.S.C. §§ 101, *et seq*. Moreover, pursuant to 28 U.S.C. § 1367, this Court has subject matter jurisdiction over Unidisc's claims for intentional interference with contractual and business relations because these claims arise from the same set of operative facts as Unidisc's copyright claims and are so inextricably interwoven that the claims interrelate and this same set of facts gives rise to all of the claims herein, forming one case or controversy.

5. This Court has personal jurisdiction over Antibemusic because it transacts business in Tennessee and otherwise has minimum contacts with the State. In particular, Antibemusic operates an interactive website accessible by consumers in Tennessee on which it offers for sale – through a link to Apple's iTunes platform – certain phonorecords including the master phonorecords at issue in this case and through which it has engaged in the unlicensed and unpermitted exploitation of the musical compositions at issue in this case. Based upon these and other contacts with the State, Antibemusic has purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in the State. Moreover, this cause of action arises from Antibemusic's activities in this State, specifically Antibemusic's wrongful exploitation of the master phonorecords and musical compositions that are at issue. Antibemusic's wrongful exploitation of these master phonorecords and musical compositions in Tennessee (and the consequences caused by this wrongful exploitation) provides a reasonable basis for this Court's exercise of jurisdiction over Antibemusic.

6. Venue is proper in this judicial district pursuant to the copyright venue statute, 28 U.S.C. § 1400(a), because Antibemusic may be found in this district.

### Factual Allegations

7. Unidisc asserts claims against Antibemusic for Copyright Infringement, Declaratory Judgment of Copyright Ownership, Intentional Interference with Contractual

2

Relations, and Intentional Interference with Business Relations with respect to certain master phonorecords embodying performances of the musical group known as "Kano" and also with respect to certain musical compositions. Unidisc is the exclusive, registered owner of the U.S. copyrights in these master phonorecords and also owns a certain right, title, and interest in and to the musical compositions.

8. Kano was a post-disco music project formed in Milan, Italy in 1979 by producers/musicians Matteo Bonsanto, Stefano Pulga, and Luciano Ninzatti. It was one of the earliest musical groups to perform a new style of dance music called Italo disco.

9. Bonsanto, Pulga, and Ninzattia were parties to certain agreements with Emergency Records and Filmworks, Inc. ("Emergency") and Full Time Productions S.A. ("Full Time") pursuant to which they agreed to produce for and deliver exclusively to Emergency and Full Time master phonorecords embodying the performances of Kano.[1]

10. Among the Kano master phonorecords produced for and delivered exclusively to Emergency and Full Time were those entitled: "Can't Hold Back (Your Loving)," "She's a Star," "Baby Not Tonight," "Party," "Round and Round," and "Don't Try to Stop Me" (collectively referred to herein as the "Kano Masters").

11. On or around November 30, 1981, Emergency and Full Time sold the Kano Masters to Mirage Records, Inc. ("Mirage"), a company engaged in the business of exploiting, distributing, and marketing phonorecords. The signed, written agreement evidencing this transaction shall be referred to herein as the "Mirage Purchase Agreement."

---

[1] Kano was comprised of interchangeable musicians employed from time to time by Bonsanto, Pulga, and Ninzatti for the purpose of producing Kano master phonorecords.

3

12. As part of the Mirage Purchase Agreement, Mirage acquired, among other things, the exclusive worldwide copyrights in the Kano Masters and the exclusive right to exploit the Kano Masters throughout the world (with the exception of Italy).

13. In or around 1981, Mirage filed copyright registrations for the Kano Masters with the U.S. Copyright Office.

14. In 2010, Mirage and Unidisc entered into a Master Purchase Agreement pursuant to which Mirage transferred to Unidisc all of its right, title and interest in and to, among other things, the Kano Masters.

15. Mirage and Unidisc executed a written assignment whereby Mirage expressly conveyed its copyrights in the Kano Masters to Unidisc.

16. Unidisc recorded this executed written assignment with the U.S. Copyright Office on or about December 13, 2010.

17. In late 2013, however, Unidisc became aware that Antibemusic was wrongfully exploiting the Kano Masters in violation of Unidisc's rights. Among other things, Antibemusic was (and is) exploiting (in this judicial district and elsewhere) the Kano Masters on its interactive website by directing interested parties to Apple's iTunes platform to purchase the Kano Masters. Upon information and belief, Antibemusic has wrongfully represented to iTunes that it (Antibemusic) owns the copyrights in the Kano Masters and has wrongfully directed iTunes to remit monies from sales of the Kano Masters to Antibemusic. Upon information and belief, Antibemusic is otherwise wrongfully exploiting the Kano Masters.

18. Upon learning of this wrongful exploitation, Unidisc representatives immediately notified Antibemusic that its exploitation of the Kano Masters was in violation of Unidisc's copyrights and its exclusive, worldwide (with the exception of Italy) rights of exploitation.

19. Notwithstanding this notification, Antibemusic has continued its wrongful exploitation of the Kano Masters, evidencing its willful and intentional violation of Unidisc's rights.

20. On or about November 14, 2013, counsel for Unidisc sent a letter to Antibemusic. The letter was sent by verifiable international courier and signed for by a representative of Antibemusic. In the letter, counsel for Unidisc demand that Antibemusic cease and desist from its wrongful exploitation of the Kano Masters and further demanded that Antibemusic submit a verified accounting of all sums received by Antibemusic and/or its licensees with respect to exploitation of the Kano Masters from September 1, 2010, through present. Counsel for Unidisc advised Antibemusic to respond to its cease and desist letter by November 22, 2013. Unidisc, however, has received no response whatsoever. Antibemusic continues to intentionally and willfully exploit the Kano Masters in violation of Unidisc's rights.

21. In addition to owning the copyrights in the Kano Masters, Unidisc owns a 25% interest in the copyrights for the musical compositions entitled "Can't Hold Back (Your Loving)," "She's a Star," "Round and Round," and "Don't Try to Stop Me" (collectively referred to herein as the "Kano Compositions").

22. Unidisc acquired this 25% copyright interest in the Kano Compositions on or around September 1, 2010, by assignment (the "Assignment") as evidenced in a written and executed Publishing Catalog Purchase Agreement with Green Star Music, Inc. ("Green Star") (ASCAP). Upon information and belief, Green Star acquired this copyright interest from Emergency and/or one of its affiliates, which in turn, acquired the interest from the original owners thereof. ASCAP records reflect Green Star's ownership interest in the Kano

Compositions and ASCAP has reported and paid publishing royalties accordingly for the past thirty (30) years without objection.

23. Unidisc recorded the Assignment of the copyrights in the Kano Compositions with the U.S. Copyright Office on or about December 13, 2010.

24. Notwithstanding this fact, Antibemusic has infringed upon Unidisc's copyrights in the Kano Compositions by engaging in the unlicensed and unpermitted exploitation of the Kano Compositions and by failing to remit monies earned from this exploitation to Unidisc.

25. In addition, Antibemusic has interfered with Unidisc's contractual and business relations and its lawful exploitation of the Kano Masters and/or the Kano Compositions.

26. For example Unidisc has agreed to license certain of the Kano Masters for exploitation to third parties. One such license agreement, for the Kano Master entitled "Can't Hold Back Your Loving," is with Rock Star Games, Inc. ("Rock Star), producer of the video game Grand Theft Auto 5.

27. In or around November 2013, an Antibemusic representative contacted Rock Star and wrongfully claimed that Antibemusic was the 100% owner of the Kano Master entitled "Can't Hold Back Your Loving" and also wrongfully claimed that Unidisc was a mere licensee of this Kano Master with respect to Canada only. Antibemusic demanded that Rock Star cease and desist from exploiting "Can't Hold Back Your Loving" and/or pay Antibemusic a sum of money for such exploitation.

28. Antibemusic threatened to sue Rock Star if it did not accede to Antibemusic's wrongful demands.

## COUNT I
### (Willful Copyright Infringement of the Kano Masters)

29. The allegations contained in paragraphs 1 through 28 of the Complaint are incorporated herein by reference.

30. Unidisc is the exclusive owner of the Kano Masters and the U.S. copyrights therein and has the exclusive right to exploit the Kano Masters throughout the world (with the exception of Italy).

31. Antibemusic has engaged in unlawful copying and distribution of the Kano Masters in violation of Unidisc's rights. Antibemusic's unlawful copying was (and is) intentional and willful as set forth herein.

32. Unidisc has been damaged by Antibemusic's unlawful copying and distribution and is entitled to recover its actual damages and any additional profits of Antibemusic with respect to its exploitation of the Kano Masters. In the alternative, Unidisc is entitled to recover statutory damages and its attorney's fees as set forth in 17 U.S.C. §§ 504, 505.

33. In addition to damages, Unidisc seeks recovery of its full costs from Antibemusic with respect to this action, including, without limitation, its reasonable attorney's fees.

34. Finally, Unidisc seeks a permanent injunction from the Court restraining Antibemusic's infringement of Unidisc's copyrights in the Kano Masters throughout the United States. Unidisc also seeks an order requiring Antibemusic to destroy the infringing master phonorecords.

## COUNT II
### (Willful Copyright Infringement of the Kano Compositions)

35. The allegations contained in paragraphs 1 through 34 of the Complaint are incorporated herein by reference.

36. Unidisc owns a 25% interest in the copyrights for the Kano Compositions.

37. Antibemusic has engaged in unlicensed and unpermitted exploitation of the Kano Compositions in violation of Unidisc's rights therein. Antibemusic's unlicensed exploitation was (and is) intentional and constitutes willful copyright infringement.

38. Unidisc has been damaged by Antibemusic's unlicensed exploitation of the Kano Compositions and is entitled to recover its actual damages and any additional profits of Antibemusic with respect to its exploitation of the Kano Compositions. In the alternative, Unidisc is entitled to recover statutory damages and its attorney's fees as set forth in 17 U.S.C. §§ 504, 505.

39. In addition to damages, Unidisc seeks recovery of its full costs from Antibemusic with respect to this action, including, without limitation, its reasonable attorney's fees

40. Finally, Unidisc seeks a permanent injunction from the Court restraining Antibemusic's infringement of Unidisc's right, title, and interest in and to the copyrights for the Kano Compositions and an order pursuant to 17 U.S.C. § 503 requiring Antibemusic to destroy any infringing products.

## COUNT III
### (Declaratory Judgment of Copyright Ownership regarding the Kano Masters)

41. The allegations contained in paragraphs 1 through 40 of the Complaint are incorporated herein by reference.

8

42. There exists an actual controversy regarding the copyright ownership of the Kano Masters as Antibemusic has wrongfully held itself out to third parties as being the owner of those copyrights.

43. Unidisc, therefore, seeks a declaration that it owns all right, title, and interest in and to the copyrights of the Kano Masters and that it has the exclusive rights to exploit the Kano Masters throughout the world (with the exception of Italy). Unidisc also seeks to recover its attorney's fees and costs pursuant to 17 U.S.C § 505.

## COUNT IV
### (Declaratory Judgment of Copyright Ownership regarding the Kano Compositions)

44. The allegations contained in paragraphs 1 through 43 of the Complaint are incorporated herein by reference.

45. There exists an actual controversy regarding the copyright ownership of the Kano Compositions as Antibemusic has wrongfully held itself out to third parties as being the owner of those copyrights and/or has engaged in the unlicensed exploitation of the Kano Compositions.

46. Unidisc, therefore, seeks a declaration that it owns a 25% interest in the copyrights of the Kano Compositions and that Antibemusic has no rights therein. Unidisc also seeks to recover its attorney's fees and costs pursuant to 17 U.S.C § 505.

## COUNT V
### (Intentional Interference with Contractual Relations)

47. The allegations contained in paragraphs 1 through 46 of the Complaint are incorporated herein by reference.

48. Unidisc is a party to a valid agreement with Rock Star for the exploitation of the Kano Master entitled "Can't Hold Back Your Loving." Unidisc is also a party to a valid agreement with Apple's iTunes for exploitation of the Kano Masters

9

49. Antibemusic is aware of these agreements.

50. Antibemusic intended to induce a breach of Unidisc's agreement with Rock Star by contacting Rock Star and demanding, among other things, that it cease and desist from exploiting "Can't Hold Back Your Loving" and/or pay Antibemusic a sum of money for such exploitation. Likewise, upon information and belief, Antibemusic intended to cause a breach of Unidisc's agreement with iTunes by contacting iTunes and wrongfully asserting ownership of the Kano Masters.

51. Antibemusic acted with malice.

52. A breach of Unidisc's agreement with Rock Star has occurred or will occur imminently as a proximate result of Antibemusic's conduct. Likewise, a breach of Unidisc's agreement with iTunes has occurred or will occur imminently as a proximate result of Antibemusic's conduct.

53. These breaches have injured Unidisc and Unidisc is entitled to recover its actual damages as well as punitive and/or treble damages.

## COUNT VI
### (Intentional Interference with Business Relationships)

54. The allegations contained in paragraphs 1 through 53 of the Complaint are incorporated herein by reference.

55. Unidisc is a party to an existing business relationship with specific third parties, namely licensees of the Kano Masters and/or the Kano Compositions. Antibemusic has knowledge of these existing business relationships.

56. Unidisc also has prospective relationships with an identifiable class of third persons, namely potential licensees of the Kano Masters and/or the Kano Compositions. Antibemusic has knowledge of these prospective relationships.

57. Antibemusic has intended to cause the breach or termination of Unidisc's existing business relationships with licensees of the Kano Masters and/or the Kano Compositions and/or Unidisc's prospective relationships with potential licensees of the Kano Masters and/or the Kano Compositions.

58. Antibemusic has utilized improper motive or improper means in its attempts to cause the breach or termination of these existing business relationships and/or prospective relationships.

59. Unidisc has suffered damages resulting from Antibemusic's tortious interference.

Wherefore, Unidisc prays for the following relief:

a. A judgment in favor of Unidisc and against Antibemusic on Unidisc's claim for Copyright Infringement of the Kano Masters and an award of actual damages and any additional profits of Antibemusic, or, in the alternative, an award of statutory damages and reasonable attorney's fees; a recovery for Unidisc of its full costs from Antibemusic with respect to this action, including, without limitation, its reasonable attorney's fees; a permanent injunction restraining Antibemusic's infringement of Unidisc's copyrights in the Kano Masters throughout the United States; and an order requiring Antibemusic to destroy the infringing master phonorecords pursuant to 17 U.S.C. § 503.

b. A judgment in favor of Unidisc and against Antibemusic on Unidsic's claim for Copyright Infringement of the Kano Compositions and an award of actual damages and any additional profits of Antibemusic, or, in the alternative, an award of statutory damages and reasonable attorney's fees; a recovery for Unidisc of its full costs from Antibemusic with respect to this action, including, without limitation, its reasonable

11

attorney's fees; and a permanent injunction restraining Antibemusic's infringement of Unidisc's right, title, and interest in and to in the Kano Compositions throughout the United States.

c. A declaration that Unidisc owns all right, title, and interest in and to the copyrights of the Kano Masters and that it has the exclusive rights to exploit the Kano Masters throughout the world (with the exception of Italy);

d. A declaration that Unidisc owns a 25% interest in the copyrights of the Kano Compositions;

e. A judgment in favor of Unidisc and against Antibemusic on Unidsic's claim for Intentional Interference with Contractual Relations and an award of actual, punitive and/or treble damages.

f. A judgment in favor of Unidisc and against Antibemusic on Unidsic's claim for Intentional Interference with Business Relations and an award of actual, punitive and/or treble damages.

g. Such other and further relief, general or specific, as the Court deems just and proper.

Respectfully submitted,

Jay S. Bowen, BPR No. 2649
Will Parsons, BPR No. 26519
BOWEN HAYES & KREISBERG, PLC
47 Music Square East
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485
jbowen@bowenungerlaw.com
wparsons@bowenungerlaw.com

*Attorneys for Plaintiff Unidisc Music, Inc.*