UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNIDISC MUSIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-1451 |
| | ) | |
| v. | ) | Judge Campbell |
| | ) | |
| ANTIBEMUSIC S.r.l., | ) | Magistrate Judge Bryant |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Antibemusic SRL ("Antibe"), makes this special appearance to respectfully move this Court to dismiss the case for lack of personal jurisdiction.

### FACTS

On December 26, 2013, Plaintiff, Unidisc Music, Inc. ("Unidisc") filed its Complaint in the above referenced matter. Unidisc served Antibe with process on January 24, 2014. Antibe is an Italian corporation with a principal place of business in Rome, Italy.

### STANDARD OF REVIEW

Antibe moves this Court to dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction. In determining whether to grant a dismissal under Rule 12(b)(2), the Plaintiff's burden is to make a prima facie showing that jurisdiction exists. *Cupp v. Alberto-Culver USA, Inc. et al*, 308 F. Supp. 2d 873, 876 (W.D. Tenn. 2004). The Court views the pleadings and submissions in a light most favorable to the plaintiff and views any disputed facts in plaintiff's favor. *Id.* at 877.

**ARGUMENT**

Antibe is a foreign corporation and Plaintiff has failed to show in its Complaint that Antibe is amenable to suit in this District. Personal jurisdiction over an out-of-state defendant arises only when "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)(*citations omitted*). Fundamentally, the defendant must have conducted itself in a way that it could reasonably anticipate being brought into court in the forum state. *Worldwide Volkswagen Corp.*, 444 U.S. 286, 292 (1980). Depending on the type of minimum contacts in a case, personal jurisdiction can be either general or specific. *Cupp v. Alberto-Culver USA, Inc. et al*, 308 F. Supp. 2d 873, 877 (W.D. Tenn. 2004).

General personal jurisdiction requires the defendant to have "continuous and systematic" contacts in the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. *Id.* Specific jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

Specific personal jurisdiction over a nonresident defendant exists only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. *Cupp*, 308 F. Supp. 2d at 877. Tennessee's long-arm statute permits personal jurisdiction arising from "any basis not inconsistent with the constitution of this state or of the United States," Tenn. Code Ann. § 20-2-214(a)(6), and

2

functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. *Cupp*, 308 F. Supp. 2d at 877.

As a result, the Court's personal jurisdiction over a defendant is analyzed within the context of the permissible limits of the due process clause, and the Court employs a three-part test to determine whether the exercise of jurisdiction comports with due process. First, the defendant must purposefully avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant must have a substantial enough connection with the forum to make the exercise over the defendant reasonable. *Cupp*, 308 F. Supp. 2d at 878.

The plaintiff has the burden of establishing the Court's personal jurisdiction over the defendant. *Cupp*, 308 F. Supp. 2d at 876. However, in this case, the Plaintiff fails to set forth a legal or factual basis that supports a minimum prima facia showing of personal jurisdiction over Antibe. There is nothing before this Court that would show Antibe's purposeful availment of this forum or that would show that any of the specifically alleged conduct of Antibe arose out of any contact with Tennessee, had any consequence within Tennessee or was sufficient to make the exercise of personal jurisdiction over Antibe reasonable. Unidisc does not allege that Antibe has taken any specific action within the state of Tennessee or even that Antibe has ever operated within the state of Tennessee. Unidisc has not made any allegations showing continuous and systematic contacts by Antibe with Tennessee that would support general personal jurisdiction over Antibe. Unidisc does not allege that Antibe has an office in Tennessee. Unidisc does not allege that Antibe has purposefully availed itself of the privilege of doing business in

3

Tennessee, that the facts alleged in the Complaint arise from Antibe's activities in Tennessee or that Antibe's connection to Tennessee is substantial enough to make the exercise reasonable. The sole allegation made by Unidisc to justify jurisdiction is as follows: "Antibemusic operates an interactive website accessible by consumers in Tennessee on which it offers for sale – *through a link to Apple's iTunes platform*— certain phonograph records, including the master phonorecords at issue in this case . . ." Complaint at para. 5 (emphasis added).

Where plaintiffs, such as Unidisc, seek to use Internet activity to establish jurisdiction, more than just the presence of information on the Internet is required. While posting information on the Internet makes such information available literally worldwide, the mere act of posting the information does not, and cannot, make a defendant amendable to suit in every jurisdiction where the information can be viewed. "Although the courts have recognized that the standards used to determine the proper exercise of personal jurisdiction may evolve as technological progress occurs, it nonetheless has remained clear that technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *ALS Scan, Inc. v. Digital Svc. Consultants, Inc. et al*, 293 F. 3d 707,711 (4th Cir. 2002). Therefore, additional inquiries are necessary to determine whether information that has been made available on the Internet by a defendant is sufficient to subject that defendant to personal jurisdiction in the forum state.

Courts widely agree that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Manufacturing Co.*

4

*v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997); *see also Bailey v. Turbine Design, Inc.*, 86 F. Supp 2d 790, 794 (W. D. Tenn. 2000)(adopting *Zippo* test in 6th circuit and finding that personal jurisdiction over defendant was not established). To establish jurisdiction, therefore, the Court continued:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.* at 1124. Building on this premise, courts have concluded that:

> a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions *within the State*, and (3) that activity creates, *in a person within the State*, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.

*ALS Scan, Inc. v. Digital Svc. Consultants, Inc. et al*, 293 F. 3d 707, 714 (4th Cir. 2002)(*emphasis added*). The 6th Circuit agrees with this analysis, finding that where information was posted on a website, no evidence was presented that the defendant had any contacts with the state other than the operation of the website, no efforts were made to reach out specifically to Tennessee residents, and there was no indication that any

5

Tennessee resident ever accessed the website, jurisdiction was wholly improper. *Bailey v. Turbine Design, Inc.*, 86 F. Supp 2d 790, 794 (W. D. Tenn. 2000). *See also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)("Creating a site, like placing a product into the stream of commerce, may be felt nationwide—or even worldwide—but, without more, it is not an act purposefully directed toward the forum state").

Therefore, it is crucial to determine whether Antibe, through its website, manifests an intent to engage in interactions with residents of Tennessee and, through its online activities, has created a cause of action in a person within the state of Tennessee. Unidisc has utterly failed to allege facts that would satisfy this standard.

The core of Unidisc's allegations to support jurisdiction is that the site contains a link to Apple iTunes, a third party provider that Unidisc does not, and cannot, allege that Antibe has any control over or ownership of. Complaint at para. 5. Therefore, Unidisc alleges in its Complaint that Antibe directs all viewers to a third party, Apple, *and that the third party makes music available for purchase*. Under this set of facts, Unidisc has failed to make any allegations whatsoever that Antibe is offering to engage in interactions with people within Tennessee. Instead, Unidisc acknowledges that Antibe makes information available on its site and that viewers are directed to go to a third party platform to engage in business directly with Apple. Therefore, under the set of facts alleged by Unidisc, Antibe does not manifest an intent to engage in business with anyone and is unable to enter into any contracts with anyone that would involve the knowing and repeated transmission of computer files over the Internet. Instead, Antibe's website does nothing more than make information (directions to Apple's platform) available to those

who are interested and, therefore, cannot be grounds for the exercise of personal jurisdiction.

Unidisc is a Canadian corporation, and, therefore, is not a person within the state of Tennessee. Complaint at para. 2. Unidisc has not claimed damages to any person within the state of Tennessee or as a result of interactions between Antibe and any person within the state of Tennessee. Unidisc does not allege that any such interactions occurred between Antibe and any person in the state of Tennessee and, under the facts as set forth by Unidisc, Unidisc does not allege that Antibe conducts business with anyone whatsoever. The core of Unidisc's allegations is that Antibe has a web site that directs all viewers to a third party. Complaint at para. 5. This allegation is not sufficient to establish that Antibe's website provides the necessary basis for personal jurisdiction in Tennessee.

## CONCLUSION

"[T]o subscribe to the notion that anyone who posted information on the Internet is subject to nationwide jurisdiction [is] a leap this court is not prepared to make." *Bailey v. Turbine Design, Inc.*, 86 F. Supp. 2d 790,796 (W.D. Tenn. 2002). Unidisc's allegations ask this Court to make exactly that leap. The core allegation to establish jurisdiction, that Antibe's web site contains a link to Apple iTunes, essentially sets forth an argument that the mere placement of information on the Internet is sufficient to establish jurisdiction anywhere. The law does not support that conclusion. There are simply no facts alleged by Unidisc that would support a conclusion that Antibe had "fair warning" that their conduct towards Unidisc, a Canadian corporation, might subject them to the jurisdiction of a Tennessee court, as is required by the Due Process clause. In light of the foregoing, Antibe moves this Court to dismiss the action against it for lack of personal jurisdiction.

7

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
D. Andrew Curtis (BPR #031436)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700

*Counsel for Defendant Antibemusic SRL*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

Jay S. Bowen, BPR No. 2649
Will Parsons, BPR No. 26519
BOWEN HAYES & KREISBERG, PLC
47 Music Square East
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485
jbowen@bowenungerlaw.com
wparsons@bowenungerlaw.com

*Attorneys for Plaintiff Unidisc Music, Inc.*

this 30th day of April, 2014.

s/ Timothy L. Warnock