IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNIDISC MUSIC INC., | ) | |
| Plaintiff, | ) | Case No. 3:13-1451 |
| v. | ) | Judge Campbell |
| ANTIBEMUSIC S.r.l., | ) | Magistrate Judge Bryant |
| Defendant. | ) | |

**REPLY MEMORANDUM SUPPORTING
MOTION TO DISMISS COMPLAINT**

Pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, Antibemusic SRL ("Antibe"), has made this special appearance to respectfully move this Court to dismiss the case for lack of personal jurisdiction. Antibe hereby submits the following reply to Plaintiff's Response in Opposition to Motion to Dismiss for Lack of Personal Jurisdiction.

**ARGUMENT**

Despite Plaintiff's response to the contrary, the fatal flaw in Plaintiff's position remains. As set forth in Antibe's Memorandum Supporting Motion to Dismiss ("Antibe's Memorandum"), in order to establish jurisdiction over a defendant on the basis of its web site, something more than the existence of a web site must be demonstrated. *See* Antibe's Memorandum, p. 5. The courts have overwhelmingly agreed that passive web sites will not suffice to establish jurisdiction, and where a web site is interactive, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa.1997).

1

In order to be considered "interactive," clicking links that direct users to more information is not enough; a user must be able to "exchange information with the host computer." *Id.* That exchange of information between user and a defendant is the crucial difference between a passive and an interactive web site. *Id.* Therefore, if the web site does not allow an exchange between the user and the defendant, then the defendant simply "make[s] information available to those who are interested" *Id.*, and the site is passive.

Unidisc repeatedly alleges that Antibe's web site is interactive. However, the very evidence it presents to support that allegation proves that the site is not interactive but passive and, therefore, jurisdiction is not proper. Unidisc's affiants expressly acknowledge that they were directed to third party sites in order to interact. The affiants all agree that music purchases were made from Apple iTunes. *See* Affidavit of Jahnee Caples, paragraph 6 ("I clicked on this hyperlink **and was taken to a page for Apple iTunes website** offering the album 'New York Cake' for sale.")(*emphasis added*), Affidavit of Dawn Jubeck, paragraph 6 (same), Affidavit of Todd Thomas, paragraph 6 (same), and Affidavit of Chris Harwood, paragraph 6 (same). Therefore, all of the affiants agree, and Unidisc admits, that the affiants made purchases not from Antibe but from Apple.[1]

Further, Unidisc's affiants acknowledge that they attempted to purchase merchandise from Goody Music, SRL. *See* Affidavit of Jahnee Caples, paragraph 8 ("I was taken to a page for the website of Goody Music displaying this merchandise above a button labeled 'Go To Checkout.'") and Exhibit 6 (*noting* that the purchase was made from "Goody Music S.R.L." and providing a contact to "claudio@goodymusic.it"), Affidavit of Dawn Jubeck, paragraph 8 and Exhibit 8 (same), and Affidavit of Todd Thomas, paragraph 8 and Exhibit 6 (same). Therefore,

---

[1] Unidisc has not alleged, and cannot in good faith allege, that Antibe has any ownership interest in, control of, or affiliation with Apple.

all of the affiants agree, and Unidisc admits, that the affiants attempted purchases were not from Antibe but from Goody Music.[2]

Lastly, Unidisc's affiants acknowledge that videos were viewed at YouTube. *See* Affidavit of Jahnee Caples, paragraph 5 ("By clicking these links, I was able to listen to a track or view a YouTube Video of the track"), Affidavit of Dawn Jubeck, paragraph 5 (same), Affidavit of Todd Thomas, paragraph 5 (same), and Affidavit of Chris Harwood, paragraph 5 (same). Therefore, all of the affiants agree, and Unidisc admits, that the affiants viewed videos not on Antibe's web site but on YouTube's.[3]

Therefore, a review of Unidisc's own evidence establishes that Antibe's web site directs users to third party web sites for purchases and to view videos. Accordingly, none of the cases submitted by Unidisc in support of its position are instructive because all of those cases relate to purchases made directly from the defendant. In *Sony ATV Music Pub. v. Cavs USA, Inc.,* an unreported case, the court noted that "**CAVS USA, Inc.** sold downloads of infringing songs to over 100 customers in all parts of Tennessee." *Sony ATV Music Pub. v. Cavs USA, Inc.*, 2009 WL 2177110, *4 (M.D. Tenn. 2009)(*emphasis added*). Clearly, the direct selling by the

---

[2] Goody Music S.R.L. is a legally independent corporation, as Unidisc acknowledges in its affidavits. *See* Affidavit of Jahnee Caples, Exhibit 6 (*noting* that the purchase was made from "Goody Music S.R.L."). Goody Music S.R.L. is not a party to this suit, and there are no allegations that the sale or attempted purchase of any merchandise infringes any of Unidisc's rights. The non-infringing acts of a legally independent corporation who is not a party to this case cannot be used to establish jurisdiction over Antibe.

Moreover, although irrelevant to a determination of whether this Court has jurisdiction over Antibe, the merchandise Unidisc's affiants attempted to purchase from Goody Music is admittedly "not on sale for the USA." Pl. Notice of Filing ¶¶ 4-5. Unidisc's Notice of Filing implies—without any support—that emails from "amministrazione@goodymusic.it" confirming this fact were somehow "an effort to avoid personal jurisdiction." Pl. Notice of Filing ¶¶ 4-5. Unidisc of course ignores that this same information is displayed on Goody's website. Curtis Decl. ¶ 5 ("We do not sell in these countries Africa, Cina (*sic*), USA, South America and Canada.") (quoting Goody's website).

[3] Unidisc has not alleged, and cannot in good faith allege, that Antibe has any ownership interest in, control of, or affiliation with YouTube.

3

defendant of materials is a different scenario than the selling of digital downloads by an unrelated third party, such as Apple. Similarly, in *Word Music, LLC v. Priddis Music, Inc.*, another unreported case, Plaintiff's agent ordered a "custom CD … **directly from Priddis Music**...." *Word Music, LLC v. Priddis Music, Inc.*, 2007 WL 3231835, *3 (M.D. Tenn. 2007). Lastly, in the unreported case *Warner/Chappell Music, Inc. v. Bertrand Music Ent, Inc.*, the defendant directly allowed its users to "[download] the infringing songs 'on demand.'" *Warner/Chappell Music, Inc. v. Bertrand Music Ent, Inc.* 2012 WL 3779936, *3 (M.D. Tenn. 2012). In contrast, Unidisc does not (and cannot) allege that Antibe allows users to purchase or download the material at issue. It alleges, instead, that users are directed to iTunes for any downloads or purchases.

## CONCLUSION

Unidisc acknowledges that Antibe's web site makes available information about Antibe's artists. Based on the facts provided by Unidisc, Antibe's website is a passive website designed to "make[s] information available to those who are interested," including album covers, track listings, samples, artist bios, and booking information. Unidisc concludes that the site is interactive because, it alleges, a user is able to purchase and download music and purchase merchandise. However, Unidisc ignores the fact that users are only able to engage in purchases and downloads with third parties, and not with Antibe. Therefore, the very activities that Unidisc uses to establish its theory are inapplicable to establish jurisdiction for Antibe. Accordingly, the instant case should be dismissed for lack of jurisdiction against Antibe.

4

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
D. Andrew Curtis (BPR #031436)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
*Counsel for Defendant Antibemusic SRL*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

Jay S. Bowen, BPR No. 2649
Will Parsons, BPR No. 26519
BOWEN HAYES & KREISBERG, PLC
47 Music Square East
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485
jbowen@bowenungerlaw.com
wparsons@bowenungerlaw.com

*Attorneys for Plaintiff Unidisc Music, Inc.*

this 23rd day of May, 2014.

s/ Timothy L. Warnock