IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNIDISC MUSIC, INC. | ) |
| | ) |
| v. | ) NO. 3-13-1451 |
| | ) JUDGE CAMPBELL |
| ANTIBEMUSIC S. r. l. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 12). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff has sued Defendant for copyright infringement involving the alleged unauthorized selling of certain sound recordings for which Plaintiff claims copyright ownership. Defendant asserts that it is an Italian corporation with a principal place of business in Rome, Italy, and that it has no systematic and continuous contacts with the state of Tennessee. Moreover, Defendant argues that it has not personally availed itself of the laws of this forum. Therefore, Defendant alleges that Plaintiff has failed to show that Defendant is amenable to suit in this Court.

Plaintiff's Complaint alleges that this Court has personal jurisdiction over Defendant because it transacts business in Tennessee and otherwise has minimum contacts with the state. Plaintiff's Complaint avers that, in particular, Defendant operates an interactive website accessible by consumers in Tennessee on which it offers for sale, through a link to another platform, certain phono records, including the master phono records at issue in this case.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

PERSONAL JURISDICTION

Plaintiff has the burden of establishing that personal jurisdiction over the Defendant exists in this case. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). When the Court rules on written submissions alone, as it will here, the burden consists of a *prima facie* showing that personal jurisdiction exists. *Id*. In examining whether Plaintiff has made this *prima facie* showing, the Court is to construe the facts presented in the light most favorable to the Plaintiff, and the Court does not weigh or consider the conflicting facts presented by the other side. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002); *Encore Medical, LP* v. *Kennedy*, 861 F.Supp. 2d 886, 890 (E.D. Tenn. 2012).[1]

---

[1] When a federal court has federal question jurisdiction (as in this copyright case), personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 652 F.3d 469, 471 (6th Cir. 2012). Tennessee's long-arm statute has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause of the U.S. Constitution. *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993). Therefore, the two issues merge, and the Court need only determine whether the assertion of personal jurisdiction violates constitutional due process.

If the parties present conflicting facts, the Court does not consider facts proffered by the Defendant that conflict with those offered by the Plaintiff. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360-61 (6th Cir. 2008); *Bertazzon America, LLC v. McDonagh*, 2013 WL 6048184 at * 3 (M.D. Tenn. Nov. 14, 2013).

To determine whether a plaintiff's exercise of jurisdiction satisfies due process, the Sixth Circuit applies a three-part specific[2] jurisdiction test. Plaintiff must establish that: (1) Defendant purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) the cause of action arose from Defendant's activities here; and (3) the acts of Defendant or consequences caused by Defendant have a substantial enough connection with Tennessee to make the exercise of jurisdiction over Defendant reasonable. *Cupp v. Alberto-Culver USA, Inc.,* 308 F.Supp.2d 873, 877-78 (W.D. Tenn. 2004).

Plaintiff contends that, through the operation of its interactive website, Defendant has sold and otherwise exploited the infringing products at issue in this case to consumers in Tennessee. Plaintiff also argues that its cause of action arises from this wrongful exploitation and that this Court's exercise of jurisdiction over Defendant is reasonable.

While a general posting on the internet is not sufficient to establish minimum contacts, courts may find personal jurisdiction appropriate where there is "something more" to indicate that the

---

[2] Specific jurisdiction subjects the defendant to suit in the forum only on claims that arise out of or relate to that defendant's contacts with the forum. General jurisdiction, on the other hand, arises when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. *Aristech Chemical Int'l LTD v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Plaintiff does not argue that Defendant had continuous and systematic contacts with Tennessee.

defendant purposefully directed its activities to the forum state. *Bailey v. Turbine Design, Inc.*, 86 F.Supp.2d 790, 794 (W.D. Tenn. 2000). Operation of an internet website can constitute the purposeful availment of the privilege of acting in a forum state if the website is interactive to a degree that reveals specifically intended interaction with residents of the state. *Bridgeport Music, Inc. v. Still N The Water Publishing,* 327 F.3d 472, 483 (6th Cir. 2003).

Thus, construing the facts presented in the light most favorable to the Plaintiff and not weighing or considering the conflicting facts presented by Defendant, the Court must determine whether Defendant's website is sufficiently interactive to warrant exercise of personal jurisdiction.

Defendant argues that its website is passive, that it contains a link to a third-party provider, and that third-party provider makes music available to the purchaser. Plaintiff asserts, however, that Defendant's website also allows customers to search for specific albums and be taken, via hyperlink, to a website page with track lists (including songs at issue herein) and to interactive video and sound links. Plaintiff alleges that by clicking on the interactive video link, a customer can access a YouTube video of the subject songs. Moreover, Plaintiff claims that by clicking on the interactive sound link, a customer can listen to a streaming audio version of the subject songs. Finally, according to Plaintiff, a customer can click on a hyperlink and purchase the subject songs through a third-party website. Plaintiff has filed Declarations from four Tennessee consumers who accessed Defendant's website and performed these various tasks. *See* Docket Nos. 17-1, 17-2, 17-3 and 17-4.

The Court finds that the above evidence is sufficient to carry Plaintiff's relatively slight burden of establishing purposeful availment.

The second element requires that the cause of action must arise from the Defendant's activities here in Tennessee. Plaintiff has sufficiently shown that the cause of action for copyright infringement

4

arises from Defendant's sale and other exploitation, such as streaming audio, of the allegedly infringing songs to Tennessee residents.

Finally, this Court's exercise of jurisdiction over Defendant is reasonable. If the first two elements are met, an inference arises that this third requirement is also satisfied. *Bird*, 289 F.3d at 875. Defendant has not presented a compelling reason why the exercise of personal jurisdiction over it, under these circumstances, would be unreasonable.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 12) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE