IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNIDISC MUSIC, INC. | ) |
| | ) |
| v. | ) NO. 3-13-1451 |
| | ) JUDGE CAMPBELL |
| ANTIBEMUSIC S. r.l. | ) |

MEMORANDUM

Pending before the Court is Defendant/Counter-Plaintiff's Motion for Partial Judgment on the Pleadings (Docket No. 26). For the reasons stated herein, Defendant/Counter-Plaintiff's Motion is DENIED.

FACTS

In this copyright action, Plaintiff alleges that Defendant has infringed Plaintiff's exclusive U.S. copyrights to certain songs. Plaintiff asserts that it owns the exclusive rights to the songs in the U.S. and all other parts of the world. Defendant contends that it owns the exclusive rights to the songs in the country of Italy. Through this Motion, Defendant argues that it cannot have infringed Plaintiff's rights because Defendant is a "co-owner" of the copyrights in the songs.

MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts

in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006); *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-512 (6th Cir. 2001).

ANALYSIS

It is true that a lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him, and a joint owner of a copyright cannot sue his co-owner for infringement. *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 418 (S.D. N.Y. 2004). Here, however, the parties do not own the same copyrights.

Plaintiff owns exclusive rights to the songs in the United States, through a United States copyright. Defendant contends that it owns exclusive rights to the songs in Italy, not in the United States. Defendant does not claim to have a U.S. copyright for these songs. Plaintiff has not alleged that Defendant infringed its rights in Italy. Plaintiff asserts that Defendant has infringed Plaintiff's exclusive rights in the United States.

For these reasons, Defendant's Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE